IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | INDICTMENT |
| Plaintiff, | ) | |
| v. | ) | CASE NO. 1:19 CR 314 |
| | ) | JUDGE ADAMS |
| RAYSHAWN D. LIGON, | ) | Title 18, United States Code, Section 751(a); Title 21, United States Code, Sections 841(a)(1), (b)(1)(B), and 846 |
| Defendant. | ) | |

COUNT 1
(Attempt to Possess with Intent to Distribute Fentanyl,
21 U.S.C. §§ 841(a)(1), (b)(1)(B) and 846)

The Grand Jury charges:

1. On or about March 1, 2019, in the Northern District of Ohio, Eastern Division, and elsewhere, Defendant RAYSHAWN D. LIGON did knowingly and intentionally attempt to possess with the intent to distribute approximately 331.10 grams of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(B), and 846.

COUNT 2
(Escape, 18 U.S.C. § 751(a))

The Grand Jury further charges:

2. On or about March 2, 2019, in the Northern District of Ohio, Eastern Division, Defendant RAYSHAWN D. LIGON did knowingly escape from custody, under the supervision of Oriana House Residential Reentry Center, while in custody as an inmate at Federal Correctional Institution McKean, an institutional facility in which he was lawfully confined at the direction of the Attorney General by virtue of a judgment and commitment of the United

States District Court for the Northern District of Ohio, upon a previous conviction for possession with intent to distribute heroin and conspiracy to distribute heroin, in violation of Title 18, United States Code, Section 751(a).

## FORFEITURE

The Grand Jury further charges:

3. For the purpose of alleging forfeiture pursuant to Title 21, United States Code, Section 853, the allegation of Count 1 is incorporated herein by reference. As a result of the foregoing offense, Defendant RAYSHAWN D. LIGON shall forfeit to the United States any and all property constituting, or derived from, any proceeds he obtained, directly or indirectly, as the result of such violation; any and all of his property used or intended to be used, in any manner or part, to commit or to facilitate the commission of such violation.

A TRUE BILL.

1:19 CR 314

United States v. Rayshawn D. Ligon

A TRUE BILL.

_____
FOREPERSON

JUSTIN E. HERDMAN
United States Attorney

By: _____
ROBERT F. CORTS
Chief, OCDETF Unit