IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CASE NO. 1:19CR314 |
|     Plaintiff | * | |
| -vs- | * | JUDGE JOHN R. ADAMS |
| RAYSHAWN D. LIGON | * | |
|     Defendant | * | DEFENDANT'S SENTENCING MEMORANDUM |
| * * * | | |

Now comes the Defendant, Rayshawn D. Ligon, by and through undersigned counsel, who offers the following Memorandum for this Court's consideration at sentencing.

Respectfully submitted,

*/S/ LAWRENCE J. WHITNEY*_____
LAWRENCE J. WHITNEY #0023738
LAWRENCE J. WHITNEY CO., LPA
Attorney for Defendant
137 South Main Street, Suite 201
Akron, Ohio 44308
(330) 253-7171 – 330-253-7174 fax
burdon-merlitti@neo.rr.com

MEMORANDUM

The purpose of this Memorandum is to set forth the nature of Defendant's objections to the Presentence Report. The objections are appended to the revised Presentence Report along with the comments by the probation officer.

    I.    OBJECTION CENTERED AROUND THE DEFINITION OF SERIOUS DRUG OFFENSE

The Defendant maintains that he does not have two predicate offenses which are needed to enhance his sentence under §§ 841 and 851.

1

"Serious drug felony" is defined in 21 U.S.C. 802 as an offense described in § 924(e)(2) of Title 18 for which the offender has served a term of imprisonment of more than twelve months and the offender's release from any term of imprisonment was within fifteen years of the commitment of this action.

18 U.S.C. § 924(e)(2) defines the term serious drug offense as an offense under 21 U.S.C. § 801 et. Seq. or Chapter 705 of Title 46, for which a maximum term of imprisonment of ten years or more is proscribed by law and any offense under state law involving manufacturing, distributing or possessing with the intent to manufacture or distribute a controlled substance or as defined 21 U.S.C. § 803 for which a maximum term of imprisonment of ten years or more is proscribed by law.

Here, one of the convictions upon which the PSR relies upon, page 16, paragraph 70, is a conspiracy conviction. It is Defendant's contention that a conspiracy conviction cannot serve as a predicate. The conviction is a conspiracy conviction not a Controlled Substance Act conviction. The stipulation Defendant entered into (Doc #60) does not stipulate that his conviction was a "serious drug felony" but merely that he was convicted (Paragraph 2 of the stipulation Doc #60). Defendant will offer a copy of the judgment in Case No. 1:11CR00012-001.

Regarding the second predicate offense which the PSR indicates is appropriate in paragraph 68, the Defendant also feels this conviction does not constitute a predicate. In that case, Defendant plead to possession with intent to distribute between 20 and 40 grams of heroin and was sentenced to 24 months in prison. He feels that since he was only sentenced to a term of 24 months, this conviction cannot serve as a predicate (contra 21 U.S.C. 841(b)(1)(B)). He wants this objection to be preserved. In this regard, Defendant will offer copies of the indictment

in Case No. 1:05CR128 as well as the Defendant's Plea Agreement and indictment. Likewise, Defendant stipulated only that he had this conviction and not that the conviction amounted to a "serious drug felony". The Defendant will also offer a copy of the stipulation (Doc #60).

In summary, the Defendant feels that without the enhancement his TOL should be 30 and Criminal History IV for a guideline sentence of 135 – 168 months.

II. DOUBLE COUNTING

In paragraph 29, the PSR increased the offense level by two for obstruction U.S.S.G. 3C1.2. Since he was charged and convicted of Escape, he feels this is double counting. App. Note 5(D) to U.S.S.G. 3C1.2 indicates that fleeing from arrest is not ordinarily obstruction unless there is reckless endangerment. App. Note 1 to U.S.S.G. 3C1.2 indicates that this enhancement should not apply where the offense guideline adjustment results in an equivalent or greater increase solely on the basis of the same conduct. Here, the grouping analysis (paragraphs 37, 38 and 39) did not amount to any enhancement of Defendant's level. However, Defendant would like to preserve this issue in the event the Court follows the PSR.

Obviously, if the Court does not apply the two-level increase pursuant to U.S.S.G. 3C1.2, Defendant's TOL would then be 28, Criminal History IV, 110 – 137 months (which includes no 851 enhancement)

III. DRUG ANALYSIS

In paragraph 25 of the PSR it is stated that Defendant possessed 663.68 grams of fentanyl. If the Court recalls, there was testimony at trial that fentanyl was detected in the substance tested. However, no analysis was done to determine the amount of fentanyl in the substance. Defendant understands that the relevant statute indicates the words "detectable amount" and that a purity analysis is not required. However, Defendant wants to preserve his

3

right to object to the vagueness of the words "detectable amount" because there has not been any analysis of how much actual drug was present in the substance.

Finally, the Defendant may offer testimony at his sentencing hearing. This testimony will be approximately one-half hour in length. Defendant does not know how much time the Court has allowed for sentencing purposes but would like to put the Court and AUSA on notice of this fact.

<u>/S/   LAWRENCE J. WHITNEY</u><br>
LAWRENCE J. WHITNEY<br>
Attorney for Defendant

PROOF OF SERVICE

I hereby certify that on September 23, 2019, a copy of the foregoing Defendant's Response to Government's Notice of Intent to Introduce Certain Evidence at Trial (Doc. #32) was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

<u>/S/   LAWRENCE J. WHITNEY</u><br>
LAWRENCE J. WHITNEY<br>
Attorney for Defendant