UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **RAYSHAWN LIGON,** | ) | CASE NO. 1:22-CV-01382 |
| | ) | 1:19-CR-00314 |
| Petitioner, | ) | |
| | ) | JUDGE JOHN R. ADAMS |
| v. | ) | |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Respondent. | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |

This matter comes before the Court upon Petitioner Rayshawn Ligon's petition pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. Doc. 111, 112. For the reasons set forth below, Ligon's Motion to Vacate, Set Aside, or Correct Sentence is DENIED.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

Ligon was charged with conspiracy to possess with intent to distribute fentanyl (Count 1), in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846; attempting to possess with intent to distribute fentanyl (Counts 2-3), in violation of Sections 841(a)(1), (b)(1)(B), and 846; and escape (Count 4), in violation of 18 U.S.C. § 751(a). Doc. 28.

On July 24, 2019, Ligon plead not guilty to the charges. The matter proceeded to trial on October 28, 2019. On November 1, 2019, a jury found Ligon guilty on counts 1-4 of the supplemental indictment. Doc. 67.

1

On March 9, 2020, the Court sentenced Ligon to 360 months of imprisonment as to Counts 1, 2 and 3 and 60 months as to Count 4, all concurrent but consecutive to sentence in case #1:11CR12. Doc. 76. On March 13, 2020, Ligon filed his notice of appeal to the Sixth Circuit Court of Appeals. Doc. 79. On August 30, 2021, the Sixth Circuit affirmed this Court's judgment. Doc. 110.

Ligon now makes this Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. Doc. 111, 112.

**II. LAW AND ANALYSIS**

Under 28 U.S.C. § 2255, "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). To prevail on a §2255 motion, the petitioner must allege that: 1) his conviction resulted from an error of constitutional magnitude; 2) his sentence was imposed outside the statutory limits; or 3) an error of fact or law occurred that was so fundamental as to render the entire proceedings invalid. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006); *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003); *Moss v. United States*, 323 F.3d 445, 454 (6th Cir. 2003). The petitioner must sustain the allegations by a preponderance of the evidence. *Pough*, 442 F.3d at 964.

In his six Grounds for relief, Ligon argues that his Sixth Amendment rights were violated due to ineffective assistance of counsel. The standard for ineffective assistance of counsel is a two-part test set forth by the U.S. Supreme Court in *Strickland v. Washington,* 466 U.S. 668 (1984).

2

First, Ligon must show that his counsel's performance was deficient. *Id.* at 687. Counsel must not merely have erred but erred so "serious[ly] that counsel was not functioning as the 'counsel' guaranteed…by the Sixth Amendment." *Id.* Second, Ligon must show a reasonable probability that but for the error, the results of his proceedings would have been different. *Id.* When a defendant makes an insufficient showing on one component of the two-part inquiry, reviewing courts are not required to "address both components of the inquiry." *Id.* at 697.

In Ground One, Ligon argues that his attorney failed to file a motion to sever the escape charge in Count 4. Doc. 111-2. This count stems from Ligon's attempt to coordinate a shipment of fentanyl pills while in custody at a halfway house. His attempt was foiled and Ligon fled the halfway house. Ligon contends that evidence related to the escape charge was "inherently prejudicial" as it related to his escape from a halfway house because it included background information as to why he was in the halfway house in the first place. He asserts that the word "escape" is a "loaded incendiary word" conjuring "classical imagery of a person breaking out of prison through the use of violence and force, or scaling a wall and digging a tunnel until the point of freedom." Ligon asserts this is prejudicial because his alleged escape conduct only entailed his failure to return to his halfway house. Severance is within the discretion of the Court. Fed.R.Crim.P. 14(a). Here, Ligon cannot establish that, even had his counsel sought severance that the Court would have so severed the charge. Further, evidence regarding his escape would have been admissible "to prove consciousness of guilt" upon learning that law enforcement had intercepted the package of fentanyl that he had attempted to possess. Accordingly, Ground One is without merit.

In Ground Two, Ligon asserts that his attorney rendered ineffective assistance by failing to challenge the special jury verdict forms as to the drug offenses. Specifically, Ligon asserts that

3

these instructions provided details of a prior criminal conviction. These verdict forms, however, were necessary for statutory sentence-enhancement purposes. Notably, the special verdict forms asked the jury to decide, after making a guilt determination, whether Ligon committed the instant drug offense after sustaining a prior "serious drug felony," by (1) he had been convicted of a crime for which he had served an imprisonment term exceeding 12 months; and (2) had been released or was still serving his imprisonment sentence within 15 years of committing the instant offenses. Doc. 67. Ligon stipulated to his prior sentence length and its timing. Doc. 100. Accordingly, Ligon cannot establish that there would have any basis for objecting to these instructions/forms, nor can he establish any resulting prejudice. Accordingly, Ground Two is without merit.

In Ground Three, Ligon asserts that his attorney rendered ineffective assistance by failing to object to the jury composition. Specifically, Ligon asserts that he was prejudiced by an all white jury and his counsel failed to object to the removal of the only African American potential juror. The Court dismissed Juror Number 46, the only African American, for cause, specifically because she stated twice that she could not be fair and impartial and due to personal hardship from childcare responsibilities. Doc. 106. Juror Number 46 explained she could **not** be fair to Ligon because her husband and her nephew had problems with drugs. Thus, Ligon's argument here makes little sense. Upon these facts, Ligon's counsel had no grounds to object to Juror Number 46's dismissal. Accordingly, Ground Three is without merit.

In Grounds Four and Five, Ligon challenges the sufficiency of the evidence presented at trial and asserts that his counsel was ineffective for failing to move to dismiss Count One of the indictment because it failed to identify an co-conspirators by name and because the proof at trial was insufficient. Ligon challenged the sufficiency of the evidence in his direct appeal. The Sixth Circuit concluded that although Ligon's counsel did not challenge the sufficiency of the evidence

4

regarding Count One, that there was in fact sufficient evidence to support the verdict. Specifically, the Court stated:

> Ligon argues that there was no evidence that he entered into a conspiracy with any other individual between February 22, 2019 and March 1, 2019, as is stated in the superseding indictment. "To sustain a conviction for conspiracy under 21 U.S.C. § 846, the government must have demonstrated: (1) an agreement to violate drug laws; (2) knowledge and intent to join the conspiracy; and (3) participation in that conspiracy." *United States v. Rosales*, 990 F.3d 989, 994 (6th Cir. 2021). "[P]roof of a formal agreement is not necessary; a tacit or material understanding among the parties will suffice." *United States v. Deitz*, 577 F.3d 672, 677 (6th Cir. 2009) (quoting *United States v. Martinez*, 430 F.3d 317, 330 (6th Cir. 2005)). Further, the "government may meet its burden of proof through circumstantial evidence." *United States v. Layne*, 192 F.3d 556, 567 (6th Cir. 1999).
>
> Here, the evidence is sufficient to show that a reasonable jury could find that Ligon entered into a conspiracy to possess with the intent to distribute a mixture and substance containing fentanyl during the dates listed in the superseding indictment. The jury could have inferred that there was a tacit understanding between Ligon and the person communicating with him through the 440 number to engage in a conspiracy to possess with the intent to distribute fentanyl. Whoever had access to the 440 number monitored the shipping status of both parcels, and was apparently invested in, or at least curious about, when they arrived in Ohio. That same individual also called Ligon soon after he was supposed to secure the second parcel. Moreover, the jury could have taken into consideration that Ligon was undoubtedly involved in drug-dealing activities based on his interactions with Zazueta-Castro. Though the evidence is certainly circumstantial, Ligon did not suffer a manifest miscarriage of justice with regard to his Count One charge because when all of the evidence is considered together, the jury could have concluded that Ligon violated § 846. See *United States v. Hunt*, 521 F.3d 636, 647 (6th Cir. 2008) ("[D]irect evidence of the conspiracy is not necessary. It is enough to present circumstantial evidence which a reasonable person could interpret as showing participation in a common plan . . . . (internal quotation omitted)).

Doc. 109. Thus, Grounds Four and Five are without merit due to the law of the case as set forth by the Sixth Circuit.

In Ground Six, Ligon contends his counsel was ineffective for failing to challenge the application of the Section 851 sentencing enhancement. Ligon contends that his prior federal conviction for conspiracy to distribute heroin is not a Controlled Substances Act conviction, and therefore cannot qualify as a "serious drug felony" predicate for the Section 851 enhancement. In

fact, Ligon's counsel did contest the use of his prior federal drug conspiracy conviction as a predict offense for the Section 851 enhancement, arguing that conspiracy to distribute is not a Controlled Substances Act conviction and therefore does not qualify as a serious drug felony. Doc. 73. The Court overruled this objection. Thus, Ligon's counsel did exactly what Ligon asserts here that he should have done and was not ineffective. Accordingly, Ground Six is without merit.

Because Ligon's claims that his Sixth Amendment rights were violated are without merit as explained above, it cannot be said that his conviction resulted from an error of constitutional magnitude pursuant to 28 U.S.C. §2255.

### IV. CONCLUSION

For the reasons stated above, Ligon's motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence is DENIED.

Date: _July 5, 2023_____          /s/ *John R. Adams*_____
                                    **JUDGE JOHN R. ADAMS**
                                    **UNITED STATES DISTRICT COURT**